IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ORLANDO MOZZELL POWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-1024-LSC-CWB |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 wherein Orlando Mozzell Powell challenges his conviction and resulting sentence for possession of a firearm as a convicted felon. (Doc. 1).[1] For the reasons discussed below, the undersigned Magistrate Judge recommends that Powell's motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

**I.      Introduction**

On July 25, 2018, Powell pled guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Crim. Doc. 72). On November 6, 2018, the district court sentenced Powell to 85 months in prison. (Crim. Doc. 73). Powell did not appeal.

On December 3, 2019, Powell filed a § 2255 motion to assert that the decision of the United States Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), rendered his guilty plea constitutionally invalid because he had not been informed that he was required to have

---

[1] References to documents filed in these proceedings are designated as "Doc." References to documents filed in the underlying criminal case (Case No. 2:18-cr-148-LSC) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

1

knowledge of his status as a convicted felon. (Doc. 1). On March 31, 2020, Powell amended his § 2255 motion to add a second claim under *Rehaif* on the basis that his indictment must be deemed defective for the same reason. (Docs. 13, 14).

## II.     Legal Standard

A prisoner is entitled to relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See also McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden to establish that vacatur of a conviction or sentence is appropriate falls upon the petitioning prisoner. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

## III.    Discussion

### A.      *Rehaif v. United States*

Powell predicates his motion upon the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that to secure a felon-in-possession conviction under § 922(g), "the government must prove not only that the defendant knew he possessed a firearm or ammunition, but also that he knew 'of his status as a person barred from possessing a firearm' or ammunition." *United States v. Morales*, 987 F.3d

966, 978 (11th Cir. 2021) (citing *Rehaif*, 139 S. Ct. at 2195).  The knowledge-of-status element as recognized in *Rehaif* thus requires a defendant to have had knowledge that he was a convicted felon at the time he was in possession of the subject firearm.  *Rehaif*, 139 S. Ct. at 2195–96.

    **B.**        **Sufficiency of Indictment**

Powell contends that his indictment was defective because it failed to allege that he knew he was prohibited from possessing a firearm and that such defect deprived the district court of jurisdiction. (Docs. 13, 14).  Indeed, in pertinent part, the language of the indictment only provided as follows:

> On or about December 28, 2017, in Montgomery County, within the Middle District of Alabama, the defendant, ORLANDO MOZZELL POWELL, having been previously convicted in a court, of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition, in and affecting interstate and foreign commerce, that is: a Davis Industries, model D38, .38 caliber derringer, and live ammunition, better descriptions of which are unknown, in violation of Title 18, United States Code, Section 922(g)(1).

(Crim. Doc. 1 at p. 1).  Although the indictment did not explicitly allege that Powell knew of his status as a convicted felon who was prohibited from possessing a firearm, it did track—and directly referenced—18 U.S.C. § 922(g)(1), which provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." *See* 18 U.S.C. § 922(g)(1).

The Eleventh Circuit recently addressed a similar contention in *United States v. Morales*, 987 F.3d 966, 978–79 (11th Cir. 2021).  As here, a defendant convicted under § 922(g)(1) argued "that the omission of the knowledge-of-status requirement caused the indictment to fail to charge a federal criminal offense, thereby depriving the district court of subject matter jurisdiction." *Id*. at 978.  In expressly rejecting that argument, however, the Eleventh Circuit explained at length:

>    Three recent decisions of this Court foreclose Morales's argument. In *United States v. Moore*, we rejected the defendants' argument that "because their indictments failed to allege their knowledge of their felon status, the indictment failed to allege a crime, depriving the district court of jurisdiction." 954 F.3d at 1332. Like Morales's indictment, the defendants' indictments cited and tracked the text of § 922(g)(1), but did not . . . mention the knowledge-of-status element. *Id*. at 1332–33. ("DERRICK MILLER and BERNARD MOORE, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).")[.]
>
>    After reviewing the case law on indictment defects, we identified a distinction between cases in which the indictment affirmatively alleges conduct that is not a crime and cases in which the indictment merely omits an element of a valid offense. "Ultimately," we concluded, "the law is clear: the omission of an element in an indictment does not deprive the district court of subject matter jurisdiction. A defective indictment only affects jurisdiction when it fails to allege an offense against the United States. So long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction." *Id*. at 1336.
>
>    Since the text of § 922(g) implies a knowledge-of-status element, an indictment that tracks this text sufficiently states a crime against the United States. *Id*. at 1333, 1336–37. The *Moore* indictment alleged violations of § 922(g), a criminal offense, so it was sufficient to confer subject matter jurisdiction. "Reading this knowledge requirement into the statute while also holding that indictments tracking the statute's text are insufficient would be incongruous. Although the government may be well advised to include such *mens rea* allegations in future indictments, that language is not required to establish jurisdiction." *Id*. at 1333.
>
>    Our holding in *Moore* that an indictment materially similar to Morales's was not jurisdictionally deficient after *Rehaif* forecloses any holding that the district court lacked jurisdiction over Morales's case. *See also United States v. McLellan*, 958 F.3d 1110, 1118 (11th Cir. 2020) (relying on *Moore* to reject an argument that a § 922(g)(1) indictment was jurisdictionally defective because it failed to include a knowledge-of-status element and holding that "there is no jurisdictional defect if an indictment merely fails to include that the defendant knowingly committed the crime but otherwise clearly alleges the unlawful conduct that the defendant is accused of committing"); *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020) (relying on *Moore* and *McClellan* to reject an identical argument).

*Morales*, 987 F.3d at 978–79.

Because Count I of the indictment tracked the language of § 922(g)(1) and cited directly to § 922(g)(1), it likewise was sufficient to state a crime against the United States and therefore conferred subject matter jurisdiction upon the district court.

### C. Validity of Plea

Powell alternatively asserts that his guilty plea was constitutionally invalid because, at the time he pled guilty, he was not made aware that knowledge of being a convicted felon was an essential element of the offense.[2]  (Doc. 1; Doc. 12).  Powell argues that such error is structural in nature because it violated his "fundamental right to make his own informed choice on whether to plead guilty or to go to trial."  (Doc. 12 at p. 9).

The Eleventh Circuit does not consider *Rehaif* errors to be structural and instead reviews *Rehaif*-based challenges for plain error.  *See, e.g., United States v. Scott*, 828 F. App'x 568, 571 (11th Cir. 2020); *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020); *United States v. MdscLellan*, 958 F.3d 1110, 1118–20 (11th Cir. 2020).  "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  "For the third prong of plain-error review, the defendant ordinarily must show a reasonable probability that, absent the error, the outcome of the proceeding would have been different."  *Scott*, 828 F. App'x at 572.  "In the guilty-plea context, that means showing 'a reasonable probability that, but for the error, he would not have entered the plea.'"  *Id*. (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

---

[2] "*Rehaif* only requires that the government prove that the defendant knows he is a felon.  It does not require the government to prove that the defendant knew that being a felon prevent[ed] him from possessing a firearm." *Lackland v. United States*, 2021 WL 50775 at *3 (N.D. Ala. Jan. 6, 2021).

The government asserts that any *Rehaif* error was harmless because Powell failed to establish a reasonable probability that he would not have pled guilty had he known of the knowledge-of-status requirement. (Doc. 8 at pp. 7–10). The undersigned agrees. First, the record provides overwhelming evidence that Powell knew he was a felon when he possessed the subject firearm. Powell had an extensive history of felony convictions, several of which had resulted in serving prison terms of well over one year. (Doc. 9-1 at pp. 6–11) (Presentence Investigation Report). It has been held that a person previously convicted of multiple felonies is especially likely to know that he is felon for purposes of § 922(g)(1). *See United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (finding that where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a *Rehaif* error does not affect his substantial rights); *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020); *United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020). Further, one of the officers who arrested Powell on the § 922(g)(1) charge testified at Powell's suppression hearing that, at the time of his arrest, Powell affirmatively acknowledged being a felon. (Crim. Doc. 35 at p. 6).

The record thus demonstrates that Powell cannot establish a reasonable probability that his plea would have been different but for the alleged *Rehaif* error. Moreover, the record is sufficiently clear that the government would have been able to prove Powell knew of his status as a felon when he possessed the firearm at issue in the underlying case. Under the circumstances here presented, any alleged error with the indictment cannot be said to have affected Powell's substantial rights or to have rendered his guilty plea unconstitutional.

### IV.    Conclusion

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Powell's § 2255 motion (Doc. 1) be DENIED and that this case DISMISSED with prejudice.

It is further ORDERED that, by September 12, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the district court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of August 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**